UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

NOEL COLLAZO-RIVERA,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1365 (JAF)

(Crim. No. 11-534-1)

## **OPINION AND ORDER**

Petitioner Noel Collazo-Rivera ("Collazo-Rivera") comes before the court with a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we imposed in Criminal No. 11-534-1. (Docket No. 1.) For the reasons set forth below, we deny the motion.

**I.**

**Background**

On November 18, 2011, Collazo-Rivera was charged with violating 18 U.S.C. § 922(g)(1), which prohibits possession of a firearm by a convicted felon. (Crim. No. 11-534, Docket No. 1.) On February 2, 2012, Collazo-Rivera pleaded guilty. (Crim. No. 11-534, Docket No. 26.) On May 4, 2012, Collazo-Rivera was sentenced to thirty-six months imprisonment and a one-hundred dollar assessment. We also sentenced him to three years of supervised release. (Crim. No. 11-534, Docket No. 32.) Collazo-Rivera filed a motion for relief under 28 U.S.C. 2255 which he quickly moved to withdraw or dismiss. (Crim. No. 11-534, Docket Nos. 35, 36.) We granted his motion. (Crim. No. 11-534, Docket No. 37.)

On May 9, 2013, Collazo-Rivera filed the instant 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence. (Docket No. 1.) On July 24, 2013, the United States filed a response in opposition. (Docket No. 6.) On September 9, 2013, Collazo-Rivera filed a reply to the government's response. (Docket No. 8.)

## II.

### Jurisdiction

We have jurisdiction to hear this case pursuant to 28 U.S.C. § 2255, because Collazo-Rivera is currently in federal custody having been sentenced by this district court. To file a timely motion, Collazo-Rivera had one year from the date his judgment became final. 28 U.S.C. § 2255(f). It became final fourteen days after the entry of the judgment. Fed R. App. 4(b)(1)(A)(i). Judgment was entered on May 4, 2012, and Collazo-Rivera had until May 18 to file a notice of appeal, which he did not do. (Crim. No. 11-534, Docket No. 32.) He filed his habeas petition on May 9, 2013, just less than a year after the judgment became final. Therefore, his petition is timely and we have jurisdiction.

## III.

### Legal Discussion

Collazo-Rivera alleges ineffective assistance of counsel on multiple grounds. (Docket No. 1.) To prove a claim of ineffective assistance of counsel, Collazo-Rivera must show that both: (1) the attorney's conduct" fell below an objective standard of reasonableness;" and (2) there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Wash., 466 U.S. 668, 688-94 (1984).

Civil No. 13-1365 (JAF)                                                                                          -3-

First, Collazo-Rivera contends that his counsel was ineffective because he "refused to have the nine state counts either charged as federal offenses or have them included as televant conduct." (sic) (Docket No. 1 at 4.) Relatedly, he contends that Counsel "stated that the state charges would probably run concurrent with the federal charges," but that they were instead punished consecutively. Id. The doctrine of dual sovereignty recognizes that the federal government is not bound by the actions of state authorities and that successive state and federal prosecutions are constitutionally permissible. Abbate v. United States, 359 U.S. 187 (1959). Therefore, Collazo-Rivera's counsel could not force state prosecutors to transfer charges to the federal prosecutors. The state court's determination to impose a consecutive sentence to the federal conviction would be a matter for Collazo-Rivera's state counsel to argue in the state court. Further, pleading guilty to the federal charge before a sentence was imposed at the state level could be a wise strategic decision. In doing so, Collazo-Rivera avoided collecting additional convictions which would increase his Criminal History Category for sentencing. Counsel is afforded the latitude to make such strategic decisions. Strickland 466 U.S. at 690 ("strategic choices made after thorough investigation of the law and facts relevant to plausible options are virtually unchallengeable").

Second, Collazo-Rivera contends that his counsel was ineffective because his translator "failed to show up at Petitioner's sentencing [and the attorney] refused to reschedule or Petition the Court for a resentencing." (Docket No. 1 at 5.) The record belies this assertion. The sentencing transcript states that "[t]he services of the court interpreter are being provided to the defendant." (Crim. No. 11-534, Docket No. 41 at 3.)

## IV.

## **Certificate of Appealability**

In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever issuing a denial of § 2255 relief we must concurrently determine whether to issue a certificate of appealability ("COA"). We grant a COA only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). While Collazo-Rivera has not yet requested a COA, we see no way in which a reasonable jurist could find our assessment of his constitutional claims debatable or wrong. Collazo-Rivera may request a COA directly from the First Circuit, pursuant to Rule of Appellate Procedure 22.

## V.

## **Conclusion**

For the foregoing reasons, we hereby **DENY** Collazo-Rivera's § 2255 motion (Docket No. 1). Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Collazo-Rivera is not entitled to § 2255 relief from this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 14th day of March, 2014.

                                                                          S/José Antonio Fusté
                                                                          JOSE ANTONIO FUSTE
                                                                          U. S. DISTRICT JUDGE